Jake SHERMAN, Plaintiff,

v.

C. L. DELLUMS et al., Defendants.

City of Pasadena, Real Party In Interest.

Civ. No. 72–1917–AAH.

United States District Court, C. D. California.

Jan. 19, 1973.

Jake Sherman, in pro. per.

Evelle J. Younger, Atty. Gen. by Judith Ashmann, Deputy Atty. Gen., for defendants.

Wendell R. Thompson, Pasadena City Atty. by James Kahan, Deputy City Atty., for real party in interest.

HAUK, District Judge.

This cause came on to be heard on defendants' motion to dismiss the action, the court having considered the documents submitted, arguments having been presented, finds the facts and states the conclusions of law as follows:

## FINDINGS OF FACT

### I

Jake Sherman, plaintiff, was employed by the City of Pasadena from September of 1969 until terminated on April 20, 1971.

### II

On January 10, 1971, plaintiff filed a complaint with the Fair Employment Practice Commission alleging that he was passed over for promotion due to religious discrimination.

### III

An investigation was conducted by the Fair Employment Practice Commission concerning the promotion, and also a charge that Mr. Sherman was discharged as an act of retaliation for having filed the January 10, 1971 complaint.

### IV

The Fair Employment Practice Commission found that neither charge was supported by the evidence.

### V

The Fair Employment Practice Commission had no duty or obligation to file an accusation against the City of Pasadena.

### VI

At all times, the Fair Employment Practice Commission was in good faith performing discretionary acts within the scope of its authority.

## CONCLUSIONS OF LAW

### I

Plaintiff's suit against the named defendants is in reality a suit against the Fair Employment Practice Commission as a governmental agency.

### II

Plaintiff has not named the proper parties as defendants in this matter.

### III

The Fair Employment Practice Commission is immune from suit under 42 U.S.C. 1983.

### IV

Plaintiff has failed to state a claim upon which relief can be granted, as he has raised no constitutional issues.

### V

Plaintiff has not been denied of "liberty" or of a "property right", based on *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); and *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

### VI

Plaintiff has failed to state a claim based on a violation of equal protection or due process of law.

## VII

The complaint is dismissed without leave to amend.

IT IS SO ORDERED and counsel for defendants will submit appropriate judgment in accordance herewith.